UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **BRANDON ORTEGO** | **CIVIL ACTION NO.  6:10-cv-1516** |
|     **FED. REG. #13489-035** | |
| **VS.** | **SECTION P** |
| | **JUDGE TUCKER L. MELANÇON** |
| **WARDEN T. BANKS** | **MAGISTRATE JUDGE PATRICK L. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Brandon Ortego filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on September 23, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Corrections Institute (FCI), Victorville, California. However, he seeks *habeas corpus* relief from charges pending in Louisiana's Twelfth Judicial District Court, Avoyelles Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust available state court remedies prior to proceeding with this *habeas corpus* action.

*Background*

On November 15, 2006 petitioner was charged in the United States District Court for the Middle District of Louisiana with three counts of threatening to injure an FBI agent. See *United States v. Brandon Ortego*, No. 3:06-cr-00220 at Doc. #1.  He was found guilty as charged on November 5, 2007. *Id.*, at Doc. #58.  On February 1, 2008 concurrent sentences of 51 months were

imposed. *Id.*, at Doc. #63.  He did not appeal; instead, on June 30, 2008 he filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255. *Id.*, at Doc. #66. A hearing was convened and on June 30, 2009 the Motion was denied. *Id.*, at Doc. #95. Petitioner's appeal was dismissed for failure to prosecute by the United States Fifth Circuit Court of Appeals on November 20, 2009. *Id.*, at Doc. #105.

Meanwhile, on November 20, 2006, petitioner was arrested and charged with simple arson (La. R.S.14:52) in Avoyelles Parish, Louisiana. A bill of information charging him with that offense was filed in the Twelfth Judicial District Court and, on March 13, 2007 petitioner was arraigned. He pled not guilty and his trial was fixed for May 7, 2007. See Criminal Records Web Search, *State of Louisiana vs. Brandon Ortego*, No. 2007-CR-137987, Exhibit 1.

Since petitioner was apparently in federal custody, he missed his trial and a bench warrant was issued. Louisiana authorities also issued a detainer with the BOP. See Sentence Monitoring Computation Data, Exhibit 2.

Thereafter, in May 2010, petitioner filed a *pro se* Motion for Speedy Trial; the motion was set for a hearing in June, 2010. See Motion for Speedy Trial, Exhibit 3.  According to the Docket Sheet, a Motion to Dismiss was granted on June 23, 2010 and on June 25, 2010, a Motion to Waive Presence and Adjudicate Charge to Run Concurrent with Federal Sentence was considered, however, the exact nature and the result of this pleading has not been alleged.  See Exhibit 1 at p. 4.

Petitioner filed his federal *habeas* petition on September 23, 2010. He asserted the following claims: (1) Denial of Due Process based upon the District Attorney's refusal to bring the petitioner to trial within the time provided by "the Speedy Trial Act;" (2) Ineffective Assistance of Counsel based upon his court-appointed trial counsel's refusal to represent petitioner in court and to establish contact with petitioner; and (3) Denial of Access to Court based upon Warden Banks's failure to

transport petitioner from his federal prison in California to the Avoyelles Parish court. [Doc. #1, ¶7] Petitioner claimed that he exhausted his state court remedies by presenting his claims to the highest court [Doc. #1, ¶5], however, the presumptively reliable published jurisprudence of the State of Louisiana establishes otherwise.

## *Law and Analysis*

With regard to the pending Louisiana felony charges, petitioner is a pre-trial detainee who is challenging the Louisiana detainer and an on-going Louisiana state court criminal prosecution. Petitioner claims that he is entitled to a speedy trial on the pending Louisiana charges and he asks this Court to enforce his speedy trial rights. This petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982). This court has jurisdiction to consider his speedy trial claim, notwithstanding the fact that petitioner is incarcerated in California. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In *Braden*, the Supreme Court held that, even though a prisoner was not physically present within the territorial limits of the district in which he filed for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, that statute's requirement that the court have jurisdiction over the prisoner's custodian did not deprive the court of jurisdiction over a prison custodian who could be properly served with the petition. In *Braden*, the petitioner was serving a sentence in Alabama when he applied to the District Court for the Western District of Kentucky for a writ of *habeas corpus* alleging the denial of his constitutional right to a speedy trial

on a Kentucky indictment. *Braden*, 410 U.S. at 485. The Court reasoned that the warden of the Alabama prison was the agent of Kentucky in holding the prisoner pursuant to the Kentucky detainer. *Id.* at 488-89 n. 4.

Although this court has jurisdiction to adjudicate petitioner's speedy trial claim, principals of federalism demand that petitioner exhaust available Louisiana court remedies prior to seeking federal *habeas corpus* relief. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*; Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before proceeding in federal court. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270. In other words, before seeking relief in federal court, a state prisoner must first have fairly presented the substance of his federal constitutional claims to the highest state court in a procedurally correct manner. *Picard*, 404 U.S. at 275. In Louisiana, the highest court is the Louisiana Supreme Court. See La. Const. Art. 5, §5(A) ("The supreme court has general supervisory jurisdiction over all other courts.")

Thus, before proceeding in this court, petitioner must first present his Speedy Trial claims to the Twelfth Judicial District Court (which he has apparently done), then, if unsatisfied with the

result, to Louisiana's Third Circuit Court of Appeals (See La. Const. Art. 5, §10(A) and La. R.S.13:312(3)(a)), and, finally, to the Louisiana Supreme Court.

As noted above, petitioner claims that he has done so, but as also noted, a review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ judgments referencing this petitioner. In short, the available evidence establishes that petitioner has not exhausted his speedy trial claim by fairly presenting it to the Louisiana Supreme Court in a procedurally correct manner.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In chambers, Lafayette, Louisiana October 19, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)